APOLLO SAVINGS AND LOAN COMPANY,

v.

STAR BANK, N.A., CINCINNATI, Appellee;

Bradley and Associates, Appellant, et al.

[Cite as *Apollo S. & L. Co. v. Star Bank, N.A., Cincinnati* (1993), 90 Ohio App.3d 536.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920550.

Decided Sept. 29, 1993.

*Thomas E. Grossmann,* for appellee.

*Kenneth G. Hawley Co., L.P.A.,* and *Kenneth G. Hawley,* for appellant.

*Per Curiam.*

Roy C. Bradley of Bradley and Associates drew two checks on an account at the Provident Bank. The two checks were made payable to Mankin and Associates for $18,538.88, and Marketing Masters for $21,967. Both checks were deposited in the payees' accounts at Star Bank, which indorsed them and forwarded them to Provident Bank for presentment. Star allowed Mankin and Associates and Marketing Masters to withdraw the funds from the accounts even though the checks had not been cleared by Provident. After Mankin and Associates and Marketing Masters withdrew the funds, Provident dishonored both checks and returned them to Star. Star, in turn, filed a claim against Roy C. Bradley and Bradley and Associates for the amount due on the dishonored checks.

The trial court entered summary judgment for Star, and Bradley and Associates brings this appeal. Appellant argues that the trial court erred by granting summary judgment because (1) its drawer's contract was preempted by federal law; (2) Star violated sections of the Code of Federal Regulations; (3) Star certified the checks; (4) the trial court did not have subject-matter jurisdiction over the dispute; (5) Star violated its duty of good faith; and (6) the trial court wrongly considered an affidavit that contained inadmissible evidence under Civ.R. 56(E). The assignments of error are not well made.

■ A trial court may grant summary judgment when no genuine issues of material fact remain in dispute, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273–274. In this case, the record contains no evidence of any disputed material facts—the parties agree that appellant drew two checks, which were indorsed by Star and dishonored by Provident. Consequently, the only issue is whether Star is entitled to judgment as a matter of law. The relevant law in this case states that, when Provident dishonored the two checks, appellant, on its drawer's contract, was bound to "pay the amount of the draft to the holder or to any indorser who [took] it up." R.C. 1303.49(B) and 1303.57(A)(2); White & Summers, Uniform Commercial Code (2 Ed.1980) 501–503, Section 13–9 (explaining UCC 3–413[2] and 3–502, the analogs to R.C. 1303.49[B] and 1303.57[A][2] ).

In the first assignment of error, appellant argues that its duty to pay on a drawer's contract is preempted by the Expedited Funds Availability Act ("EFAA"). Generally, a state law, like R.C. 1303.49, may be preempted by federal legislation when Congress evidences intent to preempt or there is an actual conflict between the two provisions. *Silkwood v. Kerr–McGee Corp.* (1984), 464 U.S. 238, 248, 104 S.Ct. 615, 621, 78 L.Ed.2d 443, 452; *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163.

■ Regarding Congressional intent, the federal statute does not expressly preempt R.C. 1303.49. See, generally, Section 229.20, Title 12, C.F.R. (state laws that have longer "hold" times for depositors are preempted). In addition, because R.C. 1303.49 and the EFAA deal with entirely different banking subjects, Congress has not shown an implied intent to preempt by pervasively occupying the field of drawers' contracts. See, generally, *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm.* (1983), 461 U.S. 190, 203–204, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752, 764–765 (implied intent). Specifically, R.C. 1303.49 codifies the drawer's duty to pay holders and indorsers. White & Summers, *supra*, at 501–503, Section 13–9 (explaining UCC 3–413[2], the analog to R.C. 1303.49[B] ). By contrast, the EFAA addresses the problem of a person who "deposits a check, waits a few days, and then writes several checks to pay

some bills—only to have those checks returned as unpayable because of 'uncollected funds.'" S.Rep. No. 100–19, 100th Cong., 1st Sess. (1987) 25, reprinted in 2 U.S.Code Congressional & Adm.News (1987) 489, 515.

■ Not only has Congress not shown express or implied intent to preempt R.C. 1303.49, but the drawer's contract does not conflict with the EFAA. First, it is physically possible to comply with the drawer's contract and the hold times of the EFAA—appellant need only pay for the dishonored checks. Second, R.C. 1303.49 does not frustrate the purpose of the EFAA. See, generally, S.Rep. No. 100–19, *supra;* Rubin, Uniformity, Regulation, and the Federalization of State Law: Some Lessons from the Payment System (1989), 49 Ohio St.L.J. 1251, 1257–1261 (EFAA preempts state laws related to dishonor, return, final settlement, indorsement, notice of dishonor, and excuse for delay). Therefore, because the EFAA does not evidence an intent to preempt and there is no conflict with R.C. 1303.49, the first assignment of error is overruled.

■ In appellant's second assignment of error, it argues that Star violated Sections 229.12 and 229.13(b), Title 12, C.F.R. Appellant reasons that if Star had held the funds until the checks were returned by Provident, Star would not have had to sue appellant to recover its losses. Because the regulations control the bank's hold time on deposits, even if Star violated the provisions, it would be liable to the payees—Mankin and Associates and Marketing Masters—not the drawer. Section 229.21, Title 12, C.F.R. Therefore, Star's compliance with Sections 229.12 and 229.13(b), Title 12, C.F.R. is irrelevant to this dispute, and the assignment of error is overruled.

■ In the third assignment of error, citing R.C. 1303.47(A), appellant argues that it is not liable on its drawer's contract because Star certified the checks. The record, however, contains no evidence that Star certified the checks. Consequently, the assignment of error is overruled. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500; *State v. Battle* (June 28, 1989), Hamilton App. No. C–880131, unreported, 1989 WL 71826.

■ Appellant maintains, in its fourth assignment of error, that the Hamilton County Court of Common Pleas did not have subject-matter jurisdiction in this action because Star is a federally chartered bank. When the legislature has the power to create a court, it also has the power to define that court's jurisdiction. *Tumey v. Ohio* (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749. The legislature in Ohio created the court of common pleas and gave it subject-matter jurisdiction over all civil cases. R.C. 2305.01. Therefore, because the

trial court entered summary judgment against appellant on a violation of an Ohio statute, it had subject-matter jurisdiction over this dispute. The assignment of error is overruled.

■ In its fifth assignment of error, appellant claims that Star violated its requirement of good faith by not posting information about funds' availability as required by Section 229.18, Title 12, C.F.R. Under R.C. 1304.03 and 1301.01(S), Star has a duty of good faith to its customers "in the conduct or transaction concerned." The federal posting regulations deal with the bank's duties to depositors, not drawers of checks. Therefore, even if the bank did not post the information required by Section 229.18, Title 12, C.F.R., it would not have concerned the transaction in which appellant was involved. As a result, the argument is not well made, and the assignment of error is overruled.

■ In the sixth assignment of error, appellant claims that the trial court erred by considering an affidavit that contained out-of-court statements by appellant's attorney. When ruling on a motion for summary judgment, the trial court may properly consider affidavits that contain an attorney's statements made within the scope of his or her authority. See, generally, *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 631, 605 N.E.2d 936, 944, fn. 4 (party admissions); *Szymczak v. Midwest Premium Finance Co.* (1984), 19 Ohio App.3d 173, 19 OBR 280, 483 N.E.2d 851 (agency). Consequently, the court did not err, and the sixth assignment of error is overruled.

All of appellant's assignments of error are without merit. Therefore, the entry of summary judgment is affirmed.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ., concur.